**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4083**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILLIAM ARTHUR BROWN,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:92-cr-00270-GCM-1; 3:04-cv-00594-GCM)

Submitted: January 22, 2009          Decided: March 9, 2009

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Arthur Brown was granted relief in part on his 28 U.S.C.A. § 2255 (West Supp. 2008) motion. The district court corrected Brown's drug conspiracy sentence for Count 2 by lowering his sentence for that count to 240 months of imprisonment from 360 months. The court granted relief as the record reflected that counsel provided ineffective assistance by failing to note that Brown's prior qualifying drug offense had been dismissed. Without the prior qualifying offense, Brown's statutory maximum sentence dropped from thirty to twenty years. See 21 U.S.C. § 841(b)(1)(C) (2006). In its order granting Brown § 2255 relief, in part, the court specifically noted that it was only lowering Brown's sentence for Count 2 and that all his other sentences, terms and conditions remained the same.[*]

Brown appeals from the amended criminal judgment, raising two issues: (1) whether the district court erred by not holding a resentencing hearing prior to entering the amended judgment; and (2) whether his six-year term of supervised release for Count 2 was erroneous. For the reasons that follow, we affirm.

---

[*] Brown was also serving four 240-month concurrent sentences for money laundering.

2

We find no abuse of discretion in the district court's decision to correct Brown's sentence without holding a new sentencing hearing. United States v. Hadden, 475 F.3d 652, 667 (4th Cir. 2007) (stating review standard). Next, Brown argues that his six-year term of supervised release for Count 2 is improper under 18 U.S.C. § 3583(b)(2) (2006), which states that a Class C felony allows a maximum term of three years of supervised release. We have previously rejected this argument, noting that the applicable term of supervised release is contained in the statute governing his offense of conviction. See United States v. Pratt, 239 F.3d 640, 647-48 (4th Cir. 2001) (holding that § 3583(b)(2) does not cap the period of supervised release that a district court may impose under § 841(b)(1)(C)).

Accordingly, we affirm Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED